OPINION
On February 17, 2000, Jennifer A. Haynes-Soper filed for a civil protection order on her own behalf and on behalf of Stephanie N. Soper, her infant daughter. She named Steven M. Garrett, an inmate at Ross Correctional Camp, as the respondent in the action. She alleged that Mr. Garrett had beaten her severely which had resulted in his incarceration. She was granted an exparte civil protection order and the action was set for a second hearing on February 24, 2000.
Steven M. Garrett filed a motion seeking a continuance of the second hearing. He indicated that he had had no contact with Jennifer A. Haynes-Soper since November of 1994 and that his incarceration was due to end on March 12, 2000. His request for a continuance was denied. The trial court then issued a second civil protection order which is to remain in effect until February 24, 2005.
Mr. Garrett has now pursued a direct appeal of the final civil protection order, assigning a single error for our consideration:
 The denial of a continuance foreclosed the opportunity full [sic] and fair hearing which comported to substantive and procedural due process in violation of Ohio Revised Code 3113.31(D)(2)(a).
In his brief, Mr. Garrett indicates that Jennifer A. Haynes-Soper is his ex-wife. He acknowledges that he pled guilty to a felony for a domestic violence charge as a result of his assaulting her. He was sentenced to a term of imprisonment of two to five years and served the entire five years.
Mr. Garrett expresses concern that he was deprived of any realistic opportunity to defend himself because the final hearing on the civil protection order action was held while he was incarcerated. Obviously, he could not appear at the hearing in person unless a court arranged for his presence.
Mr. Garrett suggests no valid reason for him to have contact with his ex-wife. Her allegation that he broke her arm in two places and beat her severely certainly makes her desire for additional protection after Mr. Garrett is released from custody understandable.
R.C. 3113.31 governs civil protection orders.
R.C. 3113.31(C) states:
 A person may seek relief under this section on the person's own behalf, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state:
 (1) An allegation that the respondent engaged in domestic violation against a family or household member of the respondent, including a description of the nature and extent of the domestic violence;
 (2) The relationship of the respondent to the petitioner, and to the victim if other than the petitioner;
(3) A request for relief under this section.
R.C. 3113.31(D) adds an additional requirement that an immediate and present danger of harm exists before an ex parte order may be entered, but R.C. 3113.31 does not require proof of an immediate and present danger for a civil protection order to be issued after a final hearing.
Given his admissions about his previous conduct, Mr. Garrett has no defense to the actions seeking a civil protection order. Thus, the refusal of the trial court to continue the final hearing could not constitute prejudicial error.
Further, the trial court was within its discretion to refuse a continuance which could only result in an unnecessary personal contact between Jennifer A. Haynes-Soper and Steven M. Garrett. Given the admitted misconduct of Mr. Garrett, no issue was left to be contested for purposes of R.C. 3113.31.
As a result, we overrule the single assignment of error and affirm the judgment of the trial court.
 ________________________ TYACK, J.
KENNEDY and PETREE, JJ., concur.